## CABOT v. McMASTERS.

### (Circuit Court, N. D. Illinois. March 18, 1893.)

**ACTION ON BOND—DECLARATION—EXTENT OF SURETY'S LIABILITY.**
Plaintiff entered into an agreement to consign goods to an agent for sale, and defendant executed a bond conditioned that the agent should duly pay for all goods consigned "under said agreement, or otherwise." *Held,* in an action on said bond, that a declaration which did not state whether the goods for which the agent failed to pay were consigned before or after the date of the agreement was demurrable, since defendant was not liable on the bond for goods consigned before the agreement was made.

At Law. Action by Samuel Cabot against William L. McMasters upon a bond. Defendant demurs to the declaration. Demurrer sustained.

Dent & Whitman, for plaintiff.

Hand, Milchrist & Smith, and Shedd & Underwood, for defendant.

GROSSCUP, District Judge. This action is brought to recover of the defendant, on account of a bond executed by him, to secure the performance of a certain contract on the part of one Edwin A. Mason, entered into between said Mason and the plaintiff. The declaration sets forth, at large, both the agreement and the bond. The agreement was executed on the 25th day of January, 1889, and provides, in substance, that the plaintiff shall consign to the said Mason, as his agent, through a period of three years from that date, certain shingle stains, and allow to said Mason, as commission for their sale, certain discounts or percentages. In consideration of this, Mason agrees to pay for the stains ordered by him, less the discounts, freightage, etc., on the 1st of each succeeding month, and to render an account of stock and sales every two months. The bond executed by the defendant to the plaintiff is dated the 14th of February, 1891, and is conditioned that, if the said Mason "shall well and truly perform and keep each and every promise, agreement, undertaking, and stipulation on the part of said Mason to be performed and kept in and under said agreement, and if the said Cabot shall duly receive payment for all stains consigned or sent by said Cabot to said Mason, or on his order, under said agreement, or otherwise, then this obligation to be void." The breach assigned is that on the 25th of January, 1889, and on divers days thereafter, before the 25th of January, 1892, the plaintiff consigned to Mason stains to the amount of $5,000, for which Mason has refused to make payment, whereby an action has accrued, etc. To this declaration the defendant demurs.

It is obvious that the purpose of the bond was to secure to plaintiff, prospectively, Mason's promises and obligations under the agreement. The bond must be construed strictly in favor of the obligor, and there is no term which shows an intention on his part to respond for past delinquencies, or stand responsible for past-due promises, of Mason. Such a purpose could only have been effected by an agreement showing, in plain and apt words, an intention to assume such responsibility. The breach set out in the declaration may have been for stains consigned after the date of the bond, or for those consigned prior to the bond, the payment for which, by Mason, under the terms of the agreement, fell subsequent to that date; but it is not averred that such was the case. So far as the declaration discloses, all the delinquencies may have occurred prior to the execution of the bond. It is the duty of the plaintiff to allege a cause of action which, if proven to be true, would entitle him to a judgment. The breaches set forth in this declaration might all be true, and yet the plaintiff be entitled to no judgment. It would be manifestly unjust to subject the defendant to the costs and an-

noyances of a trial until some fact is alleged upon which he is compelled to take issue or suffer judgment. Such, indeed, is the sole purpose of pleadings in a cause. For the foregoing reasons the demurrer to each of the counts of the declaration is sustained.